UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* OREGON SEALARK, LLC, et al.<br><br>Plaintiffs-in-Limitation | Case No. 19-cv-04305-DMR<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO ISSUE INJUNCTION**<br><br>Re: Dkt. Nos. 2, 13 |

On July 26, 2019, Oregon Sealark, LLC and Brusco Tug & Barge, Inc. ("Applicants") filed an application for an issuance of monition and injunction pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* (the "Act") and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule F"). [Docket No. 2.] On September 17, 2019, the court ordered Applicants to submit additional information and documentation in support of their application. [Docket No. 10.] On September 24, 2019, Applicants submitted supplemental documentation. [Docket No. 13.]

Applicants have consented to the jurisdiction of a magistrate judge. [Docket No. 9.] However, the potential claimants to this action have not. Generally, injunctive relief is considered a case dispositive matter for which a magistrate judge cannot rule on without the consent of all parties. *See* 28 U.S.C. § 636(b)(1)(A). To avoid any claims that the court exceeded its jurisdiction under section 636 and Federal Rule of Civil Procedure 72, the court orders the Clerk to reassign this case to a district judge, with the recommendation that the application be granted.

## I. BACKGROUND

Applicants are the owners of a ship known as "M/V Arthur Brusco" (the "Vessel"). [Docket No. 3 ("App.") at 1-2.] On January 27, 2019, the Vessel was heading west through the Bulls Head Channel of Suisun Bay, pushing an empty barge ahead of it. *Id.* at 3. At approximately 6:30 a.m.,

another vessel (the "Boat") crossed in front of the Vessel. *Id.* Applicants believe that the owners, operators and guests aboard the Boat contend that the two vessels collided, although Applicants dispute that contention. *Id.* They also believe that the individuals on the Boat claim that they suffered damages and injuries because of the alleged collision and intend to assert claims against Applicants and/or the Vessel as a result of such injuries.

Applicants seek an order directing all possible claimants to bring their claims in this action; an injunction prohibiting or stopping all related claims in other courts; and approval of the preliminary stated value of the vessel.

## II. DISCUSSION

The Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Act also "permits both American and foreign shipowners facing multiple suits arising out of one voyage to bring the claimants into one proceeding to apportion the owner's liability." *Matter of Bowoon Sangsa Co., Ltd.*, 720 F.2d 595, 597 (9th Cir. 1983). In addition to providing an upper cap for damages, a limitation action allows a vessel owner certain benefits to streamline proceedings against it. These include an injunction prohibiting other claims or proceedings against the owner or its property (so that all claims are brought within the same action) and a monition for claimants to appear in the action. Rule F(3)-(4).

The process for bringing a limitation action is governed by Rule F, the requirements of which are examined below.

### A. Sufficiency of Complaint

A limitation complaint must contain the following information:

1. [T]he voyage if any, on which the demands sought to be limited arose, with the date and place of its termination;

2. the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon;

3. whether the vessel was damaged, lost, or abandoned, and, if so, when and where;

2

4.  the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are;

5.  and the amount of any pending freight recovered or recoverable.

Rule F(2).

The complaint in this case appears to comply with Rule F(2). *See* Docket No. 1 ("Compl.").

## B. Security and Stipulation of Value

Prior to obtaining a monition and injunction, plaintiffs-in-limitation must:

> deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor . . . .

Rule F(1). In lieu of a traditional form of security, courts have approved the use of an *ad interim* stipulation of value. *See, e.g.*, *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 212 (1927) ("[P]ending the filing of [a] formal stipulation, the ad interim undertaking should stand as security for all claims in the proceeding."); *Matter of Mykolenko*, 2019 WL 1010926, at *2 (D.V.I. Mar. 4, 2019) ("Submission of an *ad interim* stipulation is one way of satisfying Rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation." (quotation omitted)). If a security is later found to be insufficient, claimants can make a motion to increase the amount of the security. Rule F(7).

Here, Applicants have filed an *ad interim* stipulation of value for $1,250,000, which they claim is the value of the Vessel at the end of the voyage on January 27, 2019. App. at 4, Docket No. 3-2. The stipulation also provides for interest at 6% per year from the date of the application. *Id.* The stipulated amount comes from a valuation survey completed on July 10, 2019. *Id.* Applicants filed an authenticated copy of the valuation survey as part of their supplemental briefing. Supp. Br., Ex. 1.

## C. Security for Costs

Rule F(1) also provides that the plaintiff shall give "security for costs and . . . for interest at the rate of 6 percent per annum from the date of the security." The Admiralty & Maritime Local Rules ("AMLR") for the Northern District of California provides that the amount of the security

for costs shall be $1,000. AMLR, Rule 7-1. On September 23, 2019, Applicants posted a security of $1,000 with the Clerk of the Court and submitted a record of the filing for that security as part of their supplemental briefing. Supp. Br., Ex. 2.

### D. Venue

The Act provides that the proper venue for a limitation is "any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim." Rule F(9). If the vessel has not been attached or arrested, and the owner has not been sued, "the proceedings may be had in the district in which the vessel may be." *Id.* If the vessel is not in any district and none of the other conditions apply, then the complaint "may be filed in any district." *Id.*

In its order for supplemental briefing, the court requested that Applicants clarify the claimed basis for venue in this case. Applicants submitted a copy of a state court complaint showing that Brusco Tug & Barge, Inc. has been sued in the Superior Court of California, Contra Costa County. Supp. Br., Ex. 3. The state court complaint is dated February 2019. *Id.* Because Brusco Tug & Barge, Inc. has been sued in this district with respect to the claims for which Applicants are seeking to limit their liability, venue is proper in the Northern District of California.

### E. Monition

A monition requires that all claimants against the plaintiffs-in-limitation file their claims in this action rather than in separate individual proceedings. *See* Rule F(4). The court is required to issue a monition once an owner has complied with the requirements of Rule F(1), regarding the posting of a security. The notice procedures for a monition are as follows:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second

4

publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Rule F(4).

Here, the applicants propose a notice procedure that complies with the requirements above. *See* App. at 6-7; App, Ex. 3. They propose to publish notice of the action in the San Francisco Daily Journal. Supp. Br. at 2. In addition, they have provided actual notice of this proceeding to lead counsel for the likely claimants. Supp. Br., Exs. 4, 5.

The court recommends finding that the notice procedure for the monition is adequate.

### F. Injunction

Once a plaintiff-in-limitation complies with the other requirements of Rule F, they are entitled to an injunction prohibiting or ending "all claims and proceedings against the owner or the owner's property with respect to the matter in question." Rule F(3).

As detailed above, the court recommends finding that Applicants have complied with the requirements of Rule F and are entitled to an injunction.

### III. CONCLUSION

For the reasons stated above, the court recommends granting the application and issuing a monition and injunction as requested by Applicants.

**IT IS SO ORDERED.**

Dated: October 28, 2019



_____
Donna M. Ryu
United States Magistrate Judge