UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF OREGON SEALARK, LLC.

Case No. 19-cv-04305-SI (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 58, 63

The parties have a discovery dispute over redacted messages in a text message thread between the Claimants. The Court has reviewed the redacted messages *in camera* and considered the parties' legal arguments, and this order follows.

The Claimants argue that the material at issue is irrelevant, so there is no need to determine if it is also privileged. That argument would work if the entire document were irrelevant – but of course, if that had been true, then this dispute would never have arisen because Claimants wouldn't have produced message thread at all. However, the message thread is one document, parts of it are plainly relevant, and the general rule is that you can't redact part of a document based on relevance. So, the Court does need to reach the merits of the privilege issue.

The redaction at CLAIMANTS-3 is improper. The Court appreciates that "[m]aterials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice are comparable to notes a client would make to prepare for a meeting with her lawyer – notes which could serve as an agenda or set of reminders about things to ask or tell counsel. It would undermine the purpose of the attorney-client privilege not to extend protection to such notes. Therefore, internal communications that reflect matters about which the client intends to seek legal advice are protected." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065,

1077 (N.D. Cal. 2002). However, this redaction does not reflect any such content.

For CLAIMANTS-5, the first two portions of Larry Leidelmeyer's 4:30 p.m. message are not privileged, but the three lines that begin with "@Paul" arguably fit within the above language from *ChevronTexaco Corp.* and may be redacted. Frank Villalpando's 4:32 p.m. message is not privileged.

The redaction to CLAIMANTS-6 is proper, as it is an inquiry about legal advice that the recipient received.

The redactions to CLAIMANTS-7 are improper. There is nothing privileged in those entries.

For CLAIMANTS-8, Greg Galli's 4:44 p.m. message should not be redacted. The remaining redactions are appropriate as they reflect the relaying of communications from counsel.

The redactions in CLAIMANTS-9 to CLAIMAINTS-46 are appropriate, as those materials are privileged.

Accordingly, the Court orders Claimants to reproduce CLAIMANTS-3, -5, -7 and -8 with redactions modified to conform to the above. Claimants must produce those documents within five days.

**IT IS SO ORDERED.**

Dated: April 2, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge